UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

|  |  |
|---|---|
| Bankruptcy No. | Chapter 7<br>24-30025 |
| Adversary No. | 24-03059 |

In Re:

Robert Hurst Anderson, Jr.,

    Debtor,

Mary R. Jensen, Acting United States Trustee,

    Plaintiff,

vs.

Robert Hurst Anderson, Jr.,

    Defendant.

**MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT AND MEMORANDUM IN SUPPORT THEREOF AND IN OPPOSITION TO THE ENTRY OF DEFAULT JUDGMENT**

The Plaintiff obtained a Clerk's Entry of Default on 7/12/2024. The Plaintiff moved for default judgment on 7/12/2024 [Docket 7]. The Defendant filed an Answer and a Response to the Plaintiff's Motion for Default Judgment on July 19, 2024 [Docket 9 & 10]. A hearing was held on the motion August 1, 2024. The Court left the matter open for consideration and for supplemental briefing and factual information from the Defendant until August 15, 2024.

The Defendants hereby moves the Court to set aside the Clerk's Entry of Default Pursuant to Fed. R. Bankr. P. 7055(c). A court may set aside an entry of default for good cause under this rule. A good cause determination involves consideration as to whether the conduct of the defaulting party was culpable or

1

blameworthy, whether the defaulting party has a meritorious defense, and whether the other party would suffer prejudice if the default were set aside. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

The Defendant has filed a Declaration signed under oath that he did not receive the Summons and Complaint in the mail and that he has had problems with Postal delivery at this address in the past. The first notice he received of the instant proceeding was the motion for default that was sent in the mail, which he did receive. As soon as he received this motion in the mail, he contacted his lawyer, Walker and Walker, and the undersigned was retained for defense of this matter.

In the Defendant's Declaration, he provides more specificity to his defenses to the Plaintiff's Complaint, including those raised by the Plaintiff at the hearing on the motion on August 1, 2024. The Defendant sincerely believes he has meritorious defenses to this case, including inadvertence of predecessor counsel that has paid for his defense in this matter. The Defendant respectfully requests to be able to provide the Court context and testimony to the allegations raised in the Plaintiff's Complaint.

The Plaintiff is the United States government. It is had not made any showing to the Court that it would suffer prejudice if the Clerk's Entry of Default is set aside and its Motion for Default Judgment is denied. It does not appear that the government would suffer any prejudice if the Defendant is afforded this relief.

The factors in the law weigh in favor of the Defendant here and it is appropriate for him to be allowed to have his day in court to be heard regarding the allegations that have been made against him.

Respectfully submitted,

Dated: August 15, 2024           /e/ Nathan M. Hansen
                                 Nathan M. Hansen
                                 *Attorney for Defendant Robert Hurst Anderson, Jr.*
                                 P.O. Box 575
                                 Willernie, MN 55090
                                 651-704-9600
                                 MN Attorney Reg. No. 0328017
                                 Nathan@hansenlawoffice.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| | Bankruptcy No. | Chapter 7<br>24-30025 |
| | Adversary No. | 24-03059 |

In Re:

Robert Hurst Anderson, Jr.,

              Debtor,

Mary R. Jensen, Acting United States Trustee,

              Plaintiff,
   vs.

Robert Hurst Anderson, Jr.,

              Defendants.

**DECLARATION IN RESPONSE TO MOTION FOR DEFAULT JUDGMENT**

The undersigned declares under penalty of perjury the following:

1) I am the Defendant in the above-referenced matter.

2) I did not receive the Summons and Complaint in the mail, the first I because aware of this case was when I received the Motion for Default Judgment papers in the mail, whereupon I contacted my lawyers, Walker & Walker.

3) I have had many problems with my mail service over the years. For example, my mother sent me something that I never received. I have attempted to address whatever this problem may be with the Postal

    Service, but to little avail.  For reasons unknown to me and unlike other places I have lived, my mail delivery at this address is not reliable.

4)  Walker & Walker indicated to me that there were documents I had provided that had not been used to prepare the schedules or appropriate amended schedules and have paid for my defense of this matter.

5)  When I initially spoke with Nathan Hansen, we focused on the defense of the case and about what had occurred as it related to the merits of the allegations and did not discuss whether I had actually received the Complaint.

6)  With regard to the gym equipment, it was several years old and I considered it to be a fixture of the house, albeit not attached to the house it is rather heavy.  I never in any way intended to hide it from the Chapter 7 Trustee.

7)  With regard to the Rojas debt, this is a person who serially sues people for allegedly being robo-called.  I never robo-called him but I never got notice of his lawsuit until the judgment was entered against me.  I have never met or spoken with him.  He is widely known as a lawsuit troll.  My omission of him from my schedules was not intentional in any way.

8)  With regard to the allegations about child support, maintenance obligations, and gambling losses, and other bank accounts, all of this information was provided to Walker and Walker and not added to my

Document ID: c6e650057487c271200eb42873f6d265fb69b05175d9afbdcbe29179a65e477e

schedules. It should be on my schedules. These omissions are why Walker and Walker is paying for my defense.

9) With regard to paragraph 37 and moving money around, I moved this money and used it to pay employees for my business and to pay my bankruptcy lawyer so I could reorganize my finances. I was not trying to defraud anyone.

10) I am an honest debtor and I believe that I have meritorious defenses to the allegations made in the Complaint.

11) I respectfully request that the Plaintiff's motion be denied and that I be allowed to have my day in court and tell my side of the story.

Respectfully submitted,

Dated: 08/14/2024 PDT

Signer ID: VZAY452X13...

Robert Hurst Anderson, Jr.

Document ID: c6e650057487c271200eb42873f6d265fb69b05175d9afbdcbe29179a65e477e