UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Bankr. No. 24-30025 |
| Robert Hurst Anderson, Jr., | |
| Debtor. | Chapter 7 |

| | |
|---|---|
| Mary R. Jensen, Acting United States Trustee, | |
| Plaintiff, | Adv. No. 24-3059 |
| v. | |
| Robert Hurst Anderson, Jr., | |
| Defendant. | |

MEMORANDUM DECISION AND ORDER

This matter came before the Court upon Plaintiff's Motion for Default Judgment (the "Motion"). [ECF 7] Defendant filed a response. [ECF 14] The Court held an initial hearing on August 1, 2024 (the "Initial Hearing"). Both parties were permitted to submit additional briefing. [ECF 14, 15]. The continued hearing concluded on September 5, 2024. The matter was taken under advisement. It is now ready for disposition. As explained hereinafter, Defendant's answer was filed nine days late, but the record in this adversary proceeding does not support entry of a default judgment. The Motion is denied.

## JURISDICTION

Plaintiff seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure ("FRBP") 7055. Plaintiff commenced this proceeding to object to a debtor's discharge pursuant to 11 U.S.C. §727. It is a core proceeding under 28 U.S.C. § 157(b)(2)(J) and this Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

## BACKGROUND

Defendant is a debtor in a related bankruptcy case. On June 10, 2024, Plaintiff filed a complaint seeking to deny Debtor a discharge. The complaint was filed on June 10, 2024 (the "Complaint"). [ECF 1] The clerk's office issued a summons on the same day (the "Summons"). [ECF 2]. A certificate of service ("COS") states Plaintiff served Defendant and his counsel on June 11, 2024. [ECF 4] Under FRBP 7012, Defendant's deadline to answer was July 10, 2024. The docket confirms Defendant did not timely answer. [ECF 9] On July 11, 2024, Plaintiff filed an affidavit requesting clerk's entry of default. [ECF 6] In accordance with FRCP 55(a), the clerk entered a default on July 12, 2024. Plaintiff subsequently moved for entry of a default judgment on July 12, 2024. Defendant's untimely answer was filed on July 19, 2024 (the "Answer"). [ECF 9]

## DISCUSSION

1. <u>Service was Proper.</u>

The summons and complaint were properly served on Defendant and his counsel. First, service was timely. FRBP 7004(a)(1) requires service within 14 days of issuance of the summons. The COS confirms the summons and complaint were served one day after issuance of the summons in this proceeding. [ECF 4] Pursuant to FRBP 9006(e), service was complete upon such mailing. Second, Plaintiff served the correct parties. Per FRBP 7004(b)(9) and FRBP 7004(g), Plaintiff was required to serve both Defendant and his counsel. The COS confirms that both parties were served. Third, Plaintiff utilized an acceptable method of service. FRBP 7004(b)(1) states an individual may be served by First Class mail to such individual's "dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." In this matter, the COS confirms Defendant was served at his home and counsel was served at his law office, both by US Mail postage prepaid.

In his supplemental response, Defendant made opaque statements about whether and when he received the summons and complaint. [ECF 14] Such claims are unpersuasive where, as here, the address at which Defendant was served by mail matches the address he provided on his Petition. [Case No. 24-30025, ECF 1]. Moreover, Schedule C confirms such location is his homestead. <u>Id.</u> He did not list an alternative mailing address on the petition, and to the extent his address needed correction, he did not file a notice of change of address in his bankruptcy case, as required by FRBP 4002(a)(5) and Local Rule 4002-1. Plaintiff should not be

prejudiced for relying upon the address provided by Defendant, nor should Defendant benefit from his failure to correct or improve his contact information, if needed. PIRS Capital, LLC v. Renee Williams, 54 F.4th 1050, 1054 (8th Cir. 2022). For all the foregoing reasons, service was proper and Defendant's default cannot be excused due to faulty service.

2. Prevailing Eighth Circuit Caselaw Does Not Support Entry of a Default Judgment in this Matter.

The docket confirms the Answer was untimely. [ECF 9] But the parties disagree whether Defendant's 9-day delay justifies entry of a default judgment in this adversary proceeding. Default judgments are permitted by FRBP 7055, but they "are not favored by the law." United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993); In re Burwell, 391 B.R. 832, 834 (B.A.P. 8th Cir. 2008). The Eighth Circuit cautions that default judgment should not be entered "for a marginal failure to comply with time requirements." Harre, at 130; Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). If an answer is untimely, entry of default judgment is appropriate only if a defendant has engaged in "willful violations of court rules, contumacious conduct, or intentional delays." Id. To be clear, the conduct in question was not diligent, but it is not contumacious. A single instance of relatively short delay, especially where such delay poses no material obstruction to the proceeding, is akin to a "marginal failure to comply with time requirements," it is not a "failure to participate in the litigation." See, e.g., Forsythe v. Hales, 255 F.3d 487, 490 (8th Cir. 2001); Tollefson v. Pladson, 508 F. App'x 593, 596 (8th Cir. 2013). Moreover, the record does not

4

suggest his late filed answer was an intentional delay tactic. It appears Defendant's delay was caused by his retention of separate counsel for the adversary proceeding, which is not unusual in bankruptcy cases.

This decision should not be construed as an invitation to disregard time periods in bankruptcy cases. Indeed, Defendant's failure to answer could have cost him a discharge, which may yet occur if he does not successfully defend this adversary proceeding. But under prevailing caselaw in the Eighth Circuit, a single instance of relatively short delay, with no demonstrable prejudice to Plaintiff, does not mandate entry of a default judgment.

THEREFORE, IT IS ORDERED: the Motion is denied.

DATED: September 16, 2024

*/e/Kesha L. Tanabe*

Kesha L. Tanabe
United States Bankruptcy Judge